FILED

97 OCT -7 PM 4:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

RICHARD EDGE, et al., }
}
    Plaintiffs }
}
vs. }
}
DEKALB COUNTY OF ALABAMA, et al., } CIVIL ACTION NO.
}
} CV-91-AR-0308-M
    Defendants/Third-Party }
    Plaintiffs }
}
vs. }
}
ALABAMA DEPARTMENT OF }
CORRECTIONS, et al., }
}
    Third-Party Defendants }

ENTERED

OCT 7  1997

## MEMORANDUM OPINION

The court has before it the motion of third-party defendant, the Alabama Department of Corrections ("ADOC"), to terminate the consent decree and to eliminate the other prospective relief previously granted in said decree. ADOC makes said motion pursuant to the Prison Litigation Reform Act (the "PLRA"), 18 U.S.C. § 3626(b)(2) (Supp. 1997), amended by Pub. L. No. 104-134, § 802(a), 110 Stat. 1321. The court will grant ADOC's said motion for the reasons that follow.

105

**Pertinent Background Facts**

In February, 1991, a class action was filed on behalf of all current and future inmates of the DeKalb County, Alabama, jail ("Plaintiffs") against DeKalb County, its sheriff, the jail's Chief Jailer, and the members of the DeKalb County Commission ("Defendants"). The action alleged that the conditions at the DeKalb County jail violated Plaintiffs' constitutional right not to be subjected to cruel and unusual punishment. In response, Defendants both denied the material allegations and filed a third-party complaint on April 17, 1991, against ADOC and Morris Thigpen, then Commissioner of ADOC. Defendants alleged in their third-party complaint that, because the jail's inmate population consisted mostly of state prisoners, ADOC was responsible for the alleged constitutional violations.

On June 30, 1992, the court thought that it resolved this dispute by entering a consent decree ("Consent Decree") agreed to by Plaintiffs and Defendants. The Consent Decree, *inter alia*, limited the jail's population to thirty-eight (38) inmates and required Defendants to operate the jail in accordance with the DeKalb County Jail Policy and Procedure Manual, to enhance jail security, and to improve the jail's physical plant. ADOC and Morris Thigpen were not parties to the Consent Decree, and the

2

court chose deliberately not to rule upon the third-party claims, unless, by necessary implication, it dismissed said claims without prejudice for want of prosecution. Apparently, ADOC still considers the claims against it to be viable.

On April 26, 1996, the President signed the PLRA into law. In part, the PLRA provides for the review and termination of consent decrees and other prospective relief relating to prison conditions.[1] On July 2, 1997, ADOC filed a motion to terminate

---

[1]   In pertinent part, the PLRA provides:

(1) TERMINATION OF PROSPECTIVE RELIEF —
    (A) In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener [sic] —
        (i) 2 years after the date the court granted or approved prospective relief;
        (ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or
        (iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.

\*\*\*

(2) IMMEDIATE TERMINATION OF PROSPECTIVE RELIEF —
    In any civil action with respect to prison conditions, a defendant or intervener [sic] shall be entitled to immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the federal right.
(3) LIMITATION —
    Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal

the Consent Decree and other prospective relief pursuant to the PLRA.

## Analysis

### A. *Is ADOC's Motion Timely?*

The first question this court must answer is whether ADOC's motion to terminate the Consent Decree under the PLRA has come at the appropriate time. The PLRA imposes three separate time frames that limit when a party may seek termination of prospective relief. 18 U.S.C. § 3626(b)(1)(A). Only the first and third time frames have any potential applicability to this case.

The first time frame, § 3626(b)(1)(A)(i), requires a party to wait for 2 years after the entry of prospective relief before seeking termination of that relief. Obviously, more than two years have passed since the entry of the 1992 Consent Decree at issue in this case. Thus, under § 3626(b)(1)(A)(i), ADOC's

---

> rights, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.
>
> ****

18 U.S.C. §3626(b) (Supp. 1997).

4

motion has come at the appropriate time.

The third time frame, § 3626(b)(1)(A)(iii), applies only in pre-PLRA cases. Under this provision, a party seeking termination in a pre-PLRA case may not do so until the PLRA has been in effect for two years. In other words, where a court granted prospective relief prior to the enactment of the PLRA, a party may not seek the terminate that relief until April, 1998. The instant case is a pre-PLRA case. Therefore, under § 3626(b)(1)(A)(iii), ADOC's motion is premature.

Were the court to rely on the time frames in § 3626(b)(1) to resolve whether ADOC's motion is timely, it would make the court's decision more, not less, complicated. As noted, given that the court entered the Consent Decree in 1992, ADOC's motion falls within the parameters both of § 3626(b)(1)(A)(i) and of § 3626(b)(1)(A)(iii). Yet, while ADOC's motion is timely under the former provision, under the latter provision it is not. Fortunately, given the thrust of ADOC's motion, the court need not rely on either of these provisions to reach its decision.

In its motion, ADOC asserts that "no findings have been made that the relief ordered in the consent decree or the other prospective relief, was narrowly drawn or that it was the least intrusive means to correct the violation of a federal right."

5

ADOC seeks immediate termination of the Consent Decree pursuant to § 3626(b)(2). The plain language of § 3626(b)(2) creates an exception to the time frames imposed by § 3626(b)(1) and, consequently, makes the time frames found there irrelevant to any consideration of the appropriateness of ADOC's motion.

The case of Benjamin v. Jacobson, 1997 WL 523896, lends support for this conclusion. In Benjamin, the Second Circuit held that § 3626(b)(2) created an exception to the time limits found in § 3626(b)(1). The court observed:

> [S]ection 3626(b)(2) provides an exception to the rule set forth in section 3626 (b)(1)(A)(iii). As noted above, section 3626(b)(2) permits the "immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." We thus believe that a court reviewing relief entered before the enactment of the PLRA, as here, should first determine whether the court granting the original relief made the three findings set forth in 3626(b)(2). If the original court did so, then the defendants could not bring a motion to termination the relief before April 26, 1998. If the original court failed to make such findings, however, the defendants are, under the statute, entitled to seek "immediate relief."

Id. at *17 n.5. Benjamin explains that if, as ADOC asserts, this court failed to make the findings required by § 3626(b)(2) when entering the Consent Decree in 1992, then ADOC may now seek immediate termination.

Given the obvious differences in the how §§ 3626(b)(1) and (b)(2) operate, this court concludes that <u>Benjamin</u> reflects the correct interpretation of the statute. Section 3626(b)(1) provides that "relief shall be terminable upon the motion of any party or intervener [sic]" subject to three time limitations. Nothing in § 3626(b)(1) indicates that the party must show any facts or meet any burden of proof after the time limits have expired. In contrast, § 3626(b)(2) provides for termination <u>only</u> in the absence of previous findings that the relief was the most narrowly tailored and least intrusive means of protecting a Federal right. This provisions refers to no time limitations but requires a particular showing by the movant. Additionally, unlike § 3626(b)(1), only a "defendant or intervener [sic]" may make a § 3626(b)(2) motion. These differences reveal that the two subparagraphs should be construed separately.

In light of the <u>Benjamin</u> decision, it is clear that ADOC's motion is both timely and due to be granted. As Plaintiffs concede, ADOC is a defendant to this action, albeit a third-party defendant, and, as such, it has standing to make the motion to terminate. Likewise, a review of the record leading to the entry of the Consent Decree reveals that this court made no finding that the Consent Decree was narrowly drawn, extended no further

7

than necessary to correct the violation of the Federal right, or was the least intrusive means available to correct said violation. The only reason that this court should refuse to terminate the Consent Decree at this time is upon a showing by Plaintiffs that continued relief is necessary to correct a current violation of a Federal right and that such relief is the most narrowly tailored and least intrusive means of doing so. See James v. Lash, 949 F. Supp. 691 (N.D. Ind. 1996); 18 U.S.C. §3626(b)(3). Plaintiffs have made no such showing. Consequently, ADOC can ask for and receive immediate termination of the Consent Decree.

### B. *The Constitutionality of the PLRA.*

Plaintiffs contend that the termination provisions of the PLRA are unconstitutional and, therefore, do not provide a basis on which ADOC can seek termination of the Consent Decree. In making this contention, Plaintiffs argue that the termination provisions violate Article III of the Constitution, the separation of powers doctrine, and the guarantees of the Fourteenth Amendment. Therefore, the harder question before the court is whether the termination provisions of the PLRA pass constitutional muster.

Plaintiffs point to several recent decisions as support for

their position. See, e.g., Dougan v. Singletary, 91-11-Civ-J-10 (M.D. Fla. May 29, 1997); Gavin v. Ray, 1996 WL 6225566 (S.D. Iowa Sept. 18, 1996); Taylor v. Arizona, 1997 WL 447190 (D. Ariz. March 21, 1997); Watson v. Ray, 4-78-CV-80106 (S.D. Iowa Feb. 10, 1997). The court declines to follow the authorities put forward by Plaintiffs for two reasons. First, the tide of judicial opinion suggests this court should uphold the constitutionality of the PLRA termination provisions. See, e.g., Gavin v. Branstad, 1997 WL 434633 (8th Cir. 1997)(upholding constitutionality of PLRA termination provisions); Plyler v. Moore, 100 F.3d 365 (4th Cir. 1996) (same), cert denied, 117 S.Ct. 2460 (1997); Benjamin v. Jacobson, 1997 WL 523896 (2d Cir. Aug. 26, 1997) (same); James v. Lash 965 F.Supp. 1190 (N.D.Ind. 1997) (same); Jensen v. County of Lakes, 958 F.Supp. 397 (N.D.Ind. 1997) (same); Inmates of the Suffolk County Jail v. Sheriff of Suffolk County, 952 F.Supp. 869 (D.Mass. 1997) (same). Second, the authorities cited by Plaintiffs have not been well received. The Eighth Circuit recently overruled the decision in Gavin v. Ray, 1996 WL 6225566 (S.D. Iowa Sept. 18, 1996), see Gavin v. Branstad, 1997 WL 434633 (8th Cir. Aug. 5, 1997) (overruling district court and holding that PLRA termination provisions are constitutional), and the decision in Dougan v.

Singletary, 91-11-Civ-J-10 (M.D. Fla. May 29, 1997) is now before the Eleventh Circuit on appeal. Therefore, unless and until the Eleventh Circuit requires it to do otherwise, this court concludes that the Plaintiffs' constitutional objections to the PLRA are not well taken.

### Conclusion

The court will enter a separate and appropriate order conforming to the conclusions expressed in this memorandum opinion.

DONE this 7th day of October, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE